UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeremy Kahn, *pro se* | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CASE: 1:07-cv-02323 (HHK) |
| | ) |
| Federal Motor Carrier Safety Administration | ) |
| | ) |
| *Defendant* | ) |

**Plaintiff's Opposition
To Defendant's Motion For Enlargement Of Time to Answer,
Move, or Otherwise Respond to Plaintiff's Complaint**

Plaintiff opposes the Motion of Defendant Federal Motor Carrier Safety Administration ("FMCSA") to enlarge the time to respond to the Complaint.

FMCSA's Motion is <u>not</u> founded on counsel's scheduling conflict, workload, or similar rationale; if it were, plaintiff as a matter of courtesy would certainly acquiesce.

Rather, FMCSA's Motion is unjustified under the circumstances of this case.

FMCSA says more time is needed, because it asserts the sought *P.A.M.* decision[1] may contain "protected information," and so FMCSA has sought the comments of P.A.M. Transport before deciding whether to release this decision. Counsel asserts FMCSA "*has forwarded* a copy of the FOIA request to [P.A.M. Transport]." (emphasis added)

---

[1] The Amended Complaint, filed with the Court on January 17, two weeks prior to this Motion, requests three FMCSA decisions; the FMCSA Motion simply ignores the other two.

1

Assuming, for argument, this is what FMCSA has done, why does that preclude FMCSA from filing a responsive pleading within the time allowed by law? FMCSA offers nothing to link what it claims to have done to some inability to respond to the Complaint now.

Yet, Plaintiff does not belief it is reasonable to assume that as counsel alleges in the January 31 filing that FMCSA "has forwarded" material to P.A.M. The one FOIA request to which the FMCSA Motion makes reference was made on October 10, 2007. (Attached as <u>Exhibit A</u> is a copy of FMCSA's acknowledgement of that request.) Not until January 31, 2008, three and one-half months later, did FMCSA decide that it must at some time *in the future* advise the company, as reflected by the January 31, 2008 letter from the FMCSA's FOIA Officer, a copy of which is attached as <u>Exhibit B</u>. (The Court can decide if there is any coincidence between the timing of FMCSA's answer to the complaint and the January 31 date of this letter.)

The FMCSA's letter says the company "*will* have to be notified," not "*has* been notified" as counsel asserts in the Motion to enlarge time. Plaintiff is an active practitioner before FMCSA, and asserts when that agency uses the future tense, it means the future tense, often well into the future.

Even accepting the Motion at face value, it is obvious that the only reason FMCSA did anything is the Court due date. To give it another 60 days (which will undoubtedly lead to a request for even more time), simply rewards its inaction while keeping from Plaintiff three formally issued, public agency decisions.

2

FMCSA's letter (Exhibit B) says it has finally "located the records meeting the terms of [Plaintiff's] request," as if that somehow justifies its delay in responding. It couldn't have been very hard to locate the record since it doesn't take much effort to locate a formal agency decision which the agency in its formal FMCSA *Register* has identified as being released to the public on October 2, 2008.

Finally, it is quite fair to suggesting the agency is being quite a bit less than candid with the Court. The Amended Complaint shows, with attached copies of FMCSA *Register* pages, that the three sought decisions were formal agency decisions readily available to the public through FMCSA's contractor, without any suggestion of prior agency review before any release. Prior to the agency's failure to release the *P.A.M.* decision, it had for years routinely released and made available on informal request "Self-Insurance" decisions noticed in the FMCSA *Register*, which are essentially the same as those requested in the three FOIA requests. Prior to FMCSA's failure to release the *P.A.M.* decision in October 2, 2007, FMCSA had released to Plaintiff upon his informal request after publication in the FMCSA *Register* without the need for filing an FOIA request the following self-insurance decisions during 2006 and 2007, which were all of the "Self-Insurance" decisions issued during that period: [2]

- *Contract Freighters, Inc., Reopening of Self-Insurance Authorization*, MC-119399 (served September 11, 2007)

---

[2] Five of these eighteen decisions did involve applications in which Plaintiff represented the applicant, although FMCSA never made such a distinction prior to its refusal to release the *P.A..M.* decision.

3

- *Greyhound Lines, Inc., Modification of Self-Insurance Authority*, MC-1515 (served September 10, 2007)

- *Bennett Motor Express, LLC, et al., Applications for Authority to Self-Insure*, MC-129712 (served September 5, 2007)

- *Transport Corporation of America, Inc., Decision on Petition for Reconsideration*, MC-151556 (served July 19, 2007)

- *U.S. Express, Inc., Application for Authority to Self-Insure*, MC-188121 (June 14, 2007)

- *Western Express, Inc., Application for Authority to Self-Insure*, MC-260323 (served June 5, 2007)

- *Ace Transportation, Inc., et al., Decision on Petition for Reconsideration*, MC-164740 (served March 7, 2007)

- *Star Transport, Inc., Decision on Petition for Reconsideration*, MC-120737 (corrected decision served January 17, 2007)

- *Star Transport, Inc., Decision on Petition for Reconsideration*, MC-120737 (served January 17, 2007)

- *Ace Transportation, Inc., et al., Modification of Self-Insurance Authorization*, MC-164740 (served October 17, 2006)

- *Roehl Transport, Inc., Modification of Self-Insurance Authorization*, MC-127651 (served October 17, 2006)

- *Greyhound Lines, Inc., Modification of Self-Insurance Authority*, MC-1515 (served July 27, 2006)

- *KLLM, Inc., Revocation of Authority*, MC-138308 (served June 13, 2006)

- *Transport Corporation of America, Inc., Motion to Stay the Decision Served February 2, 2006, Granted*, MC-151556 (served June 12, 2006)

- *Roehl Transport, Inc., Application for Authority to Self-Insure*, MC-127651 (served April 6, 2006)

4

- *KLLM, Inc., Decision on Petition for Reconsideration*, MC-138308 (served March 1, 2006)

- *Ace Doran Hauling & Rigging Co., Authorization to Be a Self-Insurer – Show Cause Order*, MC-112304 (served February 10, 2006)

- *Transport Corporation of America, Inc., Reopening of Self-Insurance Authorization to Amend Self-Insurance Conditions*, MC-151556 (served February 2, 2006)

Why does FMCSA need more time to explain why it routinely released such decisions in the past, but will no longer do so?

Why does FMCSA need more time to explain why it published the requested decisions in the FMCSA *Register* as immediately available from a contractor (even though the contractor's published phone number is inoperable) but now says it won't release the decision without its own internal FOIA review?

The answers to those two questions, raised in this lawsuit, do not depend on the response by P.A.M. Transport as to whether it objects to the release of information. That's why Plaintiff opposes the Motion to enlarge time.

WHEREFORE, Plaintiff respectfully prays that this Court will deny Plaintiff's Motion to Enlarge Time and issue such other and further relief as it may deem just and proper in the premises.

Respectfully submitted,

Jeremy Kahn, *pro se*
Business Address For Mail:
1730 Rhode Island Ave., N.W., No. 810
Washington, D.C. 20036
Day Telephone   202.887.0037

5

## Certificate of Service

I, Jeremy Kahn, certify that I have served a copy of the foregoing Opposition upon counsel for Defendant, Federal Motor Carrier Safety Administration, by mailing a copy to Beverly M. Russell, Esq., Assistant U.S. Attorney, U.S. Attorney's Office for the District of Columbia, Civil Division, 555 Fourth Street, N.W., E-4915. Washington, DC  20530, by first class mail, postage prepaid.

Dated at Washington, DC this 4th day of February, 2008.

_____
Jeremy Kahn



**US Department
Of Transportation**

**Federal Motor Carrier
Safety Administration**

400 – Seventh St., SW
Washington, DC 20590

10/10/2007

FOIA Control No: 2008-0028

JEREMY KAHN
KAHN & KAHN
1730 RHODE ISLAND AVENUE, NW
SUITE 810
WASHINGTON DC  20036

Dear Mr. Kahn:

This letter acknowledges receipt of your Freedom of Information Act (FOIA) request dated 10/10/2007, requesting a copy of a decision served on October 2, 2007, pertaining to PAM Transport, Inc. Your request was received in our office on October 10, 2007.

Due to the sustained increase in the number of requests and a reduction in staff, we have a slight backlog in processing FOIA requests, which are processed in a first in, first out manner.

Should the search, review, and photocopy fees associated with processing your request exceed $25.00, you will receive advance notification from our office.

If you have any questions regarding the status of your request, please contact our FOIA Request Service Center at (202) 366-2960 or email at foia@fmcsa.dot.gov. Please be sure to refer to the FOIA Control Number listed above, in your correspondence.  For more information you may visit our website at http://www.fmcsa.dot.gov/foia/index.htm.

Sincerely,

Tiffanie C. Coleman
Freedom of Information Act Officer
Management Information and Directives Division



**U.S. Department
of Transportation**

**Federal Motor Carrier
Safety Administration**

JAN 3 1 2008

1200 New Jersey Ave., S.E.
Washington, D.C. 20590

Refer to: MC-MMI
Control No. 2008-0028

Mr. Jeremy Kahn
Kahn & Kahn - Attorneys at Law
1730 Rhode Island Avenue, N.W., Suite 810
Washington, D.C. 20036

Dear Mr. Kahn:

This is in response to your letter dated October 10, 2007, requesting a copy of the decision served by the Federal Motor Carrier Safety Administration (FMCSA) on October 2, 2007, in response to P.A.M Transport, Inc.'s Application for Authority to Self-Insure. We have located the records meeting the terms of your request and are in the process of preparing our response.

FMCSA has made an initial determination that these records might contain confidential commercial information. In accordance with 49 CFR § 7.17, the submitter of information will have to be notified of your Freedom of Information Act (FOIA) request affording them the opportunity to object to disclosure of the information. The submitter then has ten working days to object to the disclosure. Should FMCSA disagree in whole or in part with the submitter's objections, FMCSA will notify both yourself and the submitter. The reasons for which FMCSA disagreed with the submitter will be contained in the notification letter. In such a case, the submitter could file a lawsuit in Federal District Court to prevent the disclosure of the information. If such a lawsuit is filed, we will refrain from disclosing the information, and you will be notified of both the lawsuit and the decision to withhold the documents.

Sincerely yours,

Tiffanie C. Coleman
FOIA Officer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeremy Kahn, *pro se* | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) CASE: 1:07-cv-02323 (HHK) ) |
| Federal Motor Carrier Safety Administration | ) ) |
| *Defendant* | ) ) |

**Order on Defendant's Motion For Enlargement Of Time to Answer,
Move, or Otherwise Respond to Plaintiff's Complaint**

THIS MATTER having come before the Court on Defendant's Motion For Enlargement Of Time to Answer, Move, or Otherwise Respond to Plaintiff's Complaint, and Plaintiff's Opposition thereto, and it appearing Defendant has not shown good cause for the relied requested.

IT IS HEREBY ORDERED, that Defendant's Motion is DENIED, and that Defendant shall serve its Answer or other responsive pleading within three days of the date of entry of this Order.

Entered this ___ day of February, 2008.

_____
United States District Judge

Serve:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W., E-4915.
Washington, DC  20530

Jeremy Kahn
1730 Rhode Island Ave., N.W., Suite 810
Washington, D.C.  20036