UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEREMY KAHN,<br><br>    Plaintiff<br><br>          v.<br><br>FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-2323 (HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER,
MOVE, OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

On January 31, 2008, Defendant Federal Motor Carrier Safety Administration ("FMCSA") moved for an enlargement of time up to and including April 4, 2008 to answer, move or otherwise respond to Plaintiff's Complaint brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Pursuant to the FOIA, Plaintiff has sought a copy of a decision issued by the FMCSA in the matter entitled *P.A.M. Transport, Inc.,* FMCSA Docket MC-150496.  Because the decision may contain exempt material, the FMCSA forwarded a copy of the decision to P.A.M. Transport, Inc. for purposes of obtaining the company's position on whether certain information in the decision is proprietary or otherwise confidential.  Upon receipt of that information, the FMCSA would then be in a position to undertake an informed analysis on disclosure consistent with the FOIA.  To provide a period both for this review and for the FMCSA to respond to Plaintiff's FOIA request and this civil action consistent with its disclosure determination under the statute, the FMCSA moved for an enlargement of time to April 4, 2008 to answer, move or otherwise respond to Plaintiff's Complaint.

Plaintiff opposes that Motion on three grounds. First, Plaintiff argues that the considerations described above do not preclude the FMCSA from filing a responsive pleading. Pl.'s Op. at 2. At this stage, however, and indeed as suggested above, Defendant does not know the extent to which the requested record may be exempt from disclosure. Without that information, Defendant cannot determine which defenses to assert in its answer, or whether it would be appropriate to file a dispositive motion in lieu of an answer. Regarding the latter, it is not atypical for an agency to file a dispositive motion instead of a responsive pleading in FOIA cases. Indeed, summary judgment is the procedure by which courts resolve nearly all FOIA actions. See, e.g. Misciavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in use are properly identified."); Evans v. U.S. Office of Personnel Management, 276 F.Supp.2d 34, 37 (D.D.C. 2003). Accordingly, because the FMCSA is undertaking those steps necessary to move this case forward, i.e., obtaining information such that the Agency can suitably respond to Plaintiff's FOIA request and Complaint, but needs additional time for these purposes, the requested enlargement is appropriately supported.

Next, Plaintiff expresses concern about the length of time already taken to process his FOIA request. Pl.'s Op. at 2. However, from the undersigned counsel's understanding, the FMCSA has a "first-in, first-out" process for responding to FOIA requests which according to the seminal case, Open America v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976), is the hallmark of a "fair, orderly and efficient [FOIA] procedure" for agencies, like the FMCSA, which have limited resources to process large numbers of FOIA requests from numerous requesters, id. at 616. Although Plaintiff may be frustrated with the length of time

required to process his request, the FMCSA nevertheless has a process to ensure that all such requests are dealt with "efficiently," and in a "fair" and "orderly" manner.

Finally, in his opposition memorandum, Plaintiff argues similar decisions to the one requested by Plaintiff have been released likely without any agency review for purposes of determining the applicability of FOIA exemptions. However, this argument is devoid of merit because, even if true, such prior release in other cases does not undermine the FMCSA's current efforts to assess the propriety of disclosure and appropriate application of exemptions in this particular case. Cf. Martin Marietta Corp. v. Dalton, 974 F.Supp. 37, 40 (D.D.C. 1997)(Court rejected argument that prior release of contracts - done without the submitters' knowledge or consent - effectively waived agency's subsequent application of exemptions to portions of those *same* contracts).

Accordingly, for reasons stated in its Motion and in this reply, Defendant respectfully requests an enlargement of time to answer, move or otherwise respond to Plaintiff's Complaint.

Date: February 14, 2008

                                            Respectfully Submitted,

                                            /s/ Jeffrey A. Taylor /bmr
                                            _____
                                            JEFFREY A. TAYLOR, D.C. BAR #498610
                                            United States Attorney

                                            /s/ Rudolph Contreras /bmr
                                            _____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Enlargement of Time to Answer, Move or Otherwise Respond to Plaintiff's Complaint*** was made by the Court's Electronic Case Filing System and by pre-paid, first class mail, this 14th day of February, 2008 to:

Jeremy Kahn
4815 Essex Avenue
Chevy Chase, Maryland 20815


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney