UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY KAHN, )<br>)<br>   Plaintiff )<br>)<br>              v. )<br>)<br>FEDERAL MOTOR CARRIER SAFETY )<br>ADMINISTRATION, )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No. 07-2323 (HHK) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR A SCHEDULING ORDER**

Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, Plaintiff requests that the Court compel Defendant Federal Motor Carrier Safety Administration ("Agency") to produce copies of Agency decisions on motor carrier requests for self-insurance issued in three administrative cases, *P.A.M. Transport, Inc.*, FMCSA Docket MC-150496, *Celadon Trucking Services, Inc.*, FMCSA Docket MC-185116, and *Con-Way Truckload, Inc.*, FMCSA Docket MC-119399. Compl. ¶ 1. As noted in *Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Motion for a Scheduling Order*, notwithstanding its prior practice of releasing self-insurance decisions in full, the Agency now reviews these decisions to determine whether confidential financial and/or commercial information are contained therein that is exempt from disclosure under the FOIA. Plaintiff objects to the Agency's current practice, insisting that the Agency should be guided by its past practice and categorically release the decisions without any regard for or consideration of the possibility that the decisions might contain confidential information. Notwithstanding Plaintiff's objections, Defendant respectfully submits that its current practice advances the

objectives of and comports squarely with the FOIA – specifically balancing "between the right of the public to know what the government is up to and the often compelling interest that the government maintains in keeping certain information private." <u>Defendants of Wildlife v. U.S. Dept. Of Interior</u>, 341 F.Supp.2d 1, 15 (D.D.C. 2004), citing <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146, 152-53 (1989).

Defendant is clearly not advocating that the decisions at issue in this suit should not be released, only that it should undertake a review of each decision to ensure that confidential information contained therein (if any) is protected.  If a determination is made that the decisions contain such information, appropriate redactions will be made prior to any release.  Plaintiff's objection to this reasonable practice is devoid of merit.

Indeed, the facts of this case underscore the propriety of the Agency's determination. Specifically, P.A.M. Transport, Inc. has objected to the full release of the self-insurance decision issued in its case, and has proposed redactions of the decision.  <u>See</u>  Def.'s Op. Pl.'s Mot. Summ. J. and Def.'s Mot. Scheduling Order, Declaration of Tiffanie C. Coleman, ¶ 10, March 12, 2008 (attached thereto).  P.A.M. Transport, Inc.'s assessment demonstrates that there is a concern regarding release of the decision in its entirety and that, at the very least, the Agency should undertake an analysis consistent with the FOIA to make a disclosure determination.  As part of its review, the  Agency will evaluate the carrier's objections for purposes of making a determination regarding release.  <u>Id.</u> ¶ 7.  As with the *P.A.M. Transport, Inc.* decision, the Agency has contacted Celadon Trucking Services, Inc. to determine  that company's position on whether the decision on its request for self-insurance contains  financial or commercial information protected from disclosure under the FOIA.  <u>Id.</u> ¶ 10.  As to the third decision at

issue, the Agency reviewed the *Con-Way Truckload* decision and, on or around March 12, 2008, released it without redactions to Plaintiff. Id. ¶ 11.

This case is analogous to those where an agency has inadvertently or for other reasons released confidential or otherwise exempt materials, and Courts have found such release does not undermine the agency's ability to protect similar materials in the future. See, e.g. Hertzberg v. Veneman, 273 F.Supp.2d 67, 81-82 (D.C.Cir.2003)(Selective disclosure of some withheld material does not waive use of exemptions to protect similar, but undisclosed information.); Center for International Environmental Law v. Office of the U.S. Trade Representative, 237 F.Supp.2d 17, 23 (D.D.C.2002)(Public availability of similar but not identical information does not lead to waiver for all information on the same subject.); Kay v. F.C.C., 867 F.Supp. 11, 23,-24 (D.D.C. 1994)(Inadvertent disclosure of six unredacted letters constitutes no reflection whatsoever on agency's assessment of the sensitivity of remaining material); Astley v. Lawson, Civ.A.No. 89-2806(CRR), 1991 WL 7162, *8 (D.D.C. Jan. 11, 1991); Garside v. Webster, 733 F.Supp. 1142, 1147 (S.D.Ohio 1989)("It is the opinion of this Court that the prior release of some material, either through inadvertence or as part of another proceeding, does not result in a waiver of any of the exemptions under 5 U.S.C. § 552(b).")

What Defendant is arguing here is not precedent-setting, but instead clearly consistent with the tenets of the FOIA statute and the Agency's regulations implementing that statute.[1] In

---

[1] See 49 C.F.R. 7.17(a) which states,

> If a request is received for information that has been designated by
> the submitter as confidential commercial information, or which
> DOT has some other reason to believe may contain information of
> the type described in § 7.13(c)(4), the submitter of such

(continued...)

summary, the Agency will review the two remaining decisions at issue to determine whether they contain sensitive business information, and based on the Agency's review, make appropriate disclosures consistent with the FOIA. Accordingly, to provide a period for this review, for the Agency's response to Plaintiff's FOIA request, and for the Parties to jointly produce to the Court a recommendation for further disposition of this case after the Agency's response to Plaintiff's request, Defendant respectfully requests that the Court grant its Motion for a Scheduling Order.

Date: April 10, 2008

---

[1](...continued)
information will. . .be notified expeditiously and asked to submit any written objections to release. At the same time, the requestor will be notified that notice and an opportunity to comment are being provided to the submitter. The submitter will, to the extent permitted by law, be afforded a reasonable period of time within which to provide a detailed statement of any such objections. The submitter's statement shall specify all grounds for withholding any of the information. The burden shall be on the submitter to identify all information for which exempt treatment is sought and to persuade the agency that the information should not be disclosed.

Respectfully Submitted,


/s/ Jeffrey A. Taylor /dch
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for a Scheduling Order*** was made by the Court's Electronic Case Filing System and by pre-paid, first class mail, this <u>10th</u> day of April, 2008 to:

> Jeremy Kahn, Esq.
> Kahn and Kahn
> 1730 Rhode Island Avenue, N.W., Suite 810
> Washington, D.C.  20036

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney