UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY KAHN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-2323 (HHK) |
| ) | |
| FEDERAL MOTOR CARRIER SAFETY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S OPPOSED MOTION FOR AN EXTENSION OF TIME
TO FILE ITS SUPPLEMENTAL OPPOSITION MEMORANDUM**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, Defendant, Federal Motor Carrier Safety Administration ("FMCSA"), respectfully moves for an extension of time up to and including May 29, 2008 to file its supplemental opposition memorandum pursuant to the Court's April 30, 2008 Order.[1]  The current filing deadline is today, May 5, 2008. Defendant's argument in support of this requested relief is set forth below.

In this suit brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff requests that the Court compel Defendant FMCSA to produce copies of decisions issued in three administrative cases, *P.A.M. Transport, Inc.*, FMCSA Docket MC-150496, *Celadon Trucking Services, Inc.*, FMCSA Docket MC-185116, and *Con-Way Truckload, Inc.*, FMCSA Docket MC-119399.  Compl. ¶ 1.  In his Motion for Summary Judgment, Plaintiff argued that he is entitled to release of the three self-insurance decisions unredacted because the FMCSA has routinely released similar documents to the public for about 20 years without the

---

[1] Pursuant to Local Rule 7(m), Defendant's counsel contacted Plaintiff and was informed that Plaintiff opposes the relief requested herein.

requirement of a FOIA request, but contrary to this prior practice, the Agency refuses to do so now. Pl.'s Mot. Summ. J. at 1-2. Defendant opposed Plaintiff's Motion for Summary Judgment asserting, notwithstanding the Agency's prior practice of releasing self-insurance decisions in full, the Agency now reviews these decisions to determine whether confidential financial and/or commercial information are contained therein that is exempt from disclosure under the FOIA. Defendant submitted that its current practice advances the objectives of and comports squarely with the FOIA – specifically balancing "between the right of the public to know what the government is up to and the often compelling interest that the government maintains in keeping certain information private." Defendants of Wildlife v. U.S. Dept. Of Interior, 341 F.Supp.2d 1, 15 (D.D.C. 2004), citing John Doe Agency v. John Doe Corp., 493 U.S. 146, 152-53 (1989).

Defendant has now reviewed all three self-insurance decisions at issue - has released one in full (*Con-Way Truckload, Inc.*, FMCSA Docket MC-119399), has released the second with redactions today, May 5, 2008 (*Celadon Trucking Services, Inc.*, FMCSA Docket MC-185116), and has made efforts to complete processing of the third (*P.A.M. Transport, Inc.*, FMCSA Docket MC-150496). Regarding the latter, pursuant to 49 C.F.R. § 7.17, the FMCSA FOIA Office notified P.A.M. Transport, Inc. that the FMCSA had received a FOIA request for the self-insurance decision related to the company and provided the company a reasonable time to respond as to whether, in the company's view, the decision contained commercial information which should not be publicly disclosed. Declaration of Tiffanie C. Coleman, ¶ 4 (May 1, 2008)(attached hereto). P.A.M. Transport, Inc. responded to the FMCSA's inquiry, but the FMCSA disagrees with certain of the company's proposed redactions and has proposed releasing the self-insurance decision with more limited redactions than those proposed by the company.

Id. The FMCSA has provided P.A.M. Transport until May 15, 2008 to follow-up on the Agency's position in this regard. If P.A.M. Transport, Inc. does not follow-up by this date, the FMCSA will release the decision as redacted by the Agency.[2] Id.

Given the status of the processing of Plaintiff's FOIA request as related to the P.A.M. Transport, Inc. self-insurance decision, and the probable need for a Vaughn Index or declaration to support its supplemental opposition memorandum particularly given Plaintiff's position that the decisions should have been categorically released (Coleman Decl. ¶ 7), Defendant is unable to file its supplemental opposition memorandum by the current deadline and respectfully requests an extension to May 29, 2008 to do so.[3] Although Plaintiff opposes the relief requested herein,

---

[2] The Agency sent a copy of its P.A.M. Transport, Inc. cover letter to Plaintiff, but also inadvertently and mistakenly sent the self-insurance decision with the pending redactions to Plaintiff as well before the time period for P.A.M. Transport, Inc.'s response to the Agency's proposed redactions had elapsed. Today, May 5, 2008, Defendant's counsel sent Plaintiff's counsel a letter via e-mail asking that Plaintiff's counsel destroy the decision. As explained in the letter to Plaintiff's counsel, if PAM Transport does not challenge the FMCSA's decision regarding proposed redactions to the self-insurance decision by May 15, 2008, Defendant's counsel will re-send the decision to Plaintiff. If, however, PAM Transport does challenge the FMCSA's decision as to the information subject to release from the self-insurance decision, Defendant's counsel will inform Plaintiff's counsel of that determination as well as information on how the FMCSA proposes to proceed with responding to P.A.M. Transport Inc.'s challenge.

[3] Initially, Defendant considered supplementing its opposition memorandum, in part, relying on release of two of the three self-insurance decisions which are the subject of Plaintiff's FOIA request, and moving for an extension of time on the third decision at issue. Specifically, the decision related to *Con-Way Truckload, Inc.*, FMCSA Docket MC-119399, has been released in full to Plaintiff, and the decision related to *Celadon Trucking Services, Inc.*, FMCSA Docket MC-185116, has been released to Plaintiff today, May 5, 2008, with only limited redactions. Defendant thus intended to supplement its opposition memorandum arguing that Plaintiff's claims related to these decisions are moot, and thus should be dismissed. See, e.g. Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084 (D.C.Cir. Sept.18, 1991) (unpub.)("The question whether DEA complied with the Freedom of Information Act's...time limitations in responding to [plaintiff's] request is moot because DEA has now responded to this motion."); Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir.
(continued...)

Defendant points to the significant progress it has made in responding to Plaintiff's FOIA request, and respectfully submits, as explained herein, there is a good faith basis for granting the relief requested in this Motion.

Date: May 5, 2008

                              Respectfully Submitted,

                              /s/ Jeffrey A. Taylor /dch
                              _____
                              JEFFREY A. TAYLOR, D.C. BAR #498610
                              United States Attorney

                              /s/ Rudolph Contreras /dch
                              _____
                              RUDOLPH CONTRERAS, D.C. BAR #434122
                              Assistant United States Attorney

                              /s/ Beverly M. Russell
                              _____
                              BEVERLY M. RUSSELL, D.C. Bar #454257
                              Assistant United States Attorney
                              U.S. Attorney's Office for the District of Columbia,
                               Civil Division
                              555 4th Street, N.W., Rm. E-4915
                              Washington, D.C. 20530
                              Ph:  (202) 307-0492
                              Fax: (202) 514-8780
                              E-Mail: beverly.russell@usdoj.gov

---

[3](...continued)
1982)("'[H]owever fitful or delayed the release of information under the FOIA may be ... if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'").  Upon further review and consideration, Defendant has determined that filing a comprehensive supplemental opposition addressing all issues which are in dispute after production of records in response to Plaintiff's FOIA request would more efficiently advance disposition of this suit.  Thus, given this recent determination, Defendant is filing its motion for an extension of time today, May 5, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Opposed Motion for an Extension of Time to File Its Supplemental Opposition Memorandum*** was made by the Court's Electronic Case Filing System and by pre-paid, first class mail, this <u>5th</u> day of May, 2008 to:

Jeremy Kahn
Kahn and Kahn
1730 Rhode Island Avenue, N.W., Suite 810
Washington, D.C. 20036

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY KAHN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.  07-2323 (HHK) |
| | ) |
| FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

UPON CONSIDERATION of ***Defendant's Opposed Motion for an Extension of Time to File Its Supplemental Opposition Memorandum***, and for good cause shown, it is by the Court,

ORDERED that the Defendant's motion should be and is hereby granted, and thus, Defendant shall have up to and including May 29, 2008 to file its supplemental opposition memorandum;

SO ORDERED.

_____            _____
DATE                                   UNITED STATES DISTRICT COURT JUDGE

Copies to:
Jeremy Kahn
Kahn and Kahn
1730 Rhode Island Avenue, N.W., Suite 810
Washington, D.C. 20036

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 Fourth Street, N.W., Suite E-4915
Washington, D.C.  20530
beverly.russell@usdoj.gov