UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jeremy Kahn, *pro se*         )
                              )
    *Plaintiff,*          )
                              )
v.                            ) CASE: 1:07-cv-02323 (HHK)
                              )
Federal Motor Carrier Safety Administration   )
                              )
    *Defendant*           )

**Plaintiff's Opposition
To Defendant's Opposed Motion For an Extension Of Time
To File Its Supplemental Opposition Memorandum**

Plaintiff opposes the latest Motion of Defendant Federal Motor Carrier Safety Administration ("FMCSA") to extend the time in which it can respond to a Court order or procedural deadline, in this instance, the Court's Order of April 30, 2008.

This case involves an FOIA request for three published agency orders, yet in almost every instance in which FMCSA was required by procedural rule or Court order to make a responsive filing, at the 11th hour it comes running to the Court explaining why it can't possibly meet the deadline and why this case should be drawn out yet further. By making the request at the 11th hour (the latest request was apparently filed after 7:00 pm on the due date), FMCSA effectively grabs additional time for itself, knowing that the worst that can happen is that the Court denies its request (as the Court has done

1

repeatedly), but out of fairness, it will still give FMCSA additional time in which to respond.

FMCSA's grab for more time in this instance goes even further and is even less defensible than its earlier efforts.

In a nutshell, FMCSA earlier (March 21) asked for a "Scheduling Order" to be issued months down the road, effectively seeking to postpone for months the time in which it would be required to make any sort of substantive response to Plaintiff's February 14 summary judgment motion. Plaintiff opposed that request, arguing in essence that the issue was whether agency orders should be produced outright, not whether there were issues about how the agency would review and consider what portions of its orders to issue. Plaintiff argued that to order a scheduling conference would adopt FMCSA's view that regardless of the circumstances, once it claims an FOIA exemption applies, it need not do anything until it first goes through the lengthy internal review process. The Court's April 30 order seemingly adopted Plaintiff's view that the time for decision was at hand by denying FMCSA's motion, but allowing FMCSA to supplement its opposition to Plaintiff's long pending summary judgment motion.

Not until late in the afternoon of May 5 did FMCSA undertake its usual ploy of grabbing additional time, by filing an 11th hour motion for yet more time in which to respond. Note 3 of FMCSA's Motion explains the rationale: "Upon further review and consideration, Defendant has determined that filing a comprehensive supplemental opposition addressing all issues which are in dispute after production of records in

response to Plaintiff's FOIA request would more efficiently advance the disposition of this suit." FMCSA already made such an argument in its motion for scheduling order, and its motion was denied. It never appealed that order, but instead, now tells the Court, "We will just ignore the Court's order because we really know better than the Court what is best and most efficient, regardless of what any Order may say." [1] Is that the way the system is supposed to operate?

Plaintiff opposes this latest request for delay for one more reason. FMCSA's filings treats this case in the abstract, as an academic exercise under FOIA, but the orders sought have real world consequences. FMCSA is administering its self-insurance program, an important part of its regulation of the motor carrier industry, by making decisions based on precedent, but it is keeping that precedent a secret. On May 2, FMCSA sent plaintiff a redacted copy of the disputed *P.A.M. Transport* decision, issued October 2, 2007, six months earlier. [2] That order is similar in appearance to all those orders dealing with carriers seeking self-insurance authorization which are already in the record. In the "Discussion" section of the order, in a portion which includes no redactions, FMCSA says,

---

[1] It is fair to ask just what FMCSA knows about efficiency. Its Motion says more time is needed because of the "probable need for a Vaughn Index or declaration." (p.3) There are three orders at stake. One was a two page order which has now been provided in its entirety. The other two have a few specific bits of financial information redacted. The claim for additional delay because of a need for a Vaughn Index is at best highly melodramatic; at worst, it is yet one more far less than candid representation by FMCSA to the Court.

[2] Plaintiff's counsel – though not plaintiff – asserts this was sent in error, although the letter clearly shows a copy was addressed to Plaintiff.

As previously stated within the decision, there is an issue with the valuation of Applicant's BI&PD claims liabilities. Such claims are valued based on information gathered to date and do not include additional loss development or Incurred But Not Reported (IBNR). Accordingly, once the Applicant's self-insurance program matures, BI&PD claims levels could be higher than those reported in this application. To mitigate this risk, the Applicant and the Parent will be required to report this information upon activation of its self-insurance authority.

\* \* \* \*

Another requirement imposed with this decision is that Parent must maintain a minimum [Adjusted Tangible Net Worth] based on a multiple of the Applicant's combined BI&PD and cargo claims balance sheet reserves. This multiple is set at a level greater than the 20 times average for carriers currently in the self-insurance program and is intended to reduce risk to the public arising from the customer and auto industry concentrations.

As is apparent from the foregoing (and as has been argued earlier), FMCSA administers its self-insurance program based on precedent, contained in orders issued earlier. Issues as to treatment of claims reserves on financial statements, including IBNR, and especially the ATNW multiple appear throughout FMCSA self-insurance orders, and generally with reference to whether requirements are set "higher" or "lower" than the average. As one example, as recently as May 1, 2008, Plaintiff participated in a conference call with FMCSA staff relating to a self-insurance matter in which claims treatment, IBNR, and ATNW were explicit issues. Yet, at that time, Plaintiff was unaware of these important FMCSA holdings as they related to the circumstances at hand in the conference call. If FMCSA orders remain secret – even if for only six months at a time – there is no opportunity to judge FMCSA's actions – or to properly advise clients. Further, there is no way to determine if the agency is acting in an arbitrary and capricious fashion, which is prohibited under the Administrative Procedure Act.

The *P.A.M. Transport* decision was announced as available to the public on October 2, 2007. Now, after a lawsuit in which Plaintiff has repeatedly pushed for action, this decision was released – or if FMCSA's counsel is correct, was not to be released – six months later. That's not the way agencies are supposed to administer the law.

That is the real world issue at stake here of an agency making decisions based on previous orders, but asserting that a six-month delay (or more) is appropriate, and the rights of parties be damned.

For all the reasons advanced in earlier pleadings, it is time for FMCSA to step up to the plate and respond to the issues raised by plaintiff and stop repeating its litany of how it believes the case ought to be handled and the additional delays it wants.

The Court should deny FMCSA's latest motion for delay and make a decision on Plaintiff's long-pending and unanswered summary judgment motion. No further delay and disregard for Court orders should be tolerated.

WHEREFORE, Plaintiff respectfully prays that this Court will deny Plaintiff's Motion to Extend Time and issue such other and further relief as it may deem just and proper in the premises.

Respectfully submitted,

Jeremy Kahn, *pro se*
Business Address For Mail:
1730 Rhode Island Ave., N.W., No. 810
Washington, D.C.  20036
Day Telephone   202.887.0037

## Certificate of Service

I, Jeremy Kahn, certify that I have served a copy of the foregoing Opposition upon counsel for Defendant, Federal Motor Carrier Safety Administration, by mailing a copy to Beverly M. Russell, Esq., Assistant U.S. Attorney, U.S. Attorney's Office for the District of Columbia, Civil Division, 555 Fourth Street, N.W., E-4915. Washington, DC  20530, by first class mail, postage prepaid.

Dated at Washington, DC this 6th day of May, 2008.

_____
Jeremy Kahn

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jeremy Kahn, *pro se* | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) CASE: 1:07-cv-02323 (HHK) |
| | ) |
| Federal Motor Carrier Safety Administration | ) |
| | ) |
| *Defendant* | ) |

**Order on Defendant's Motion For an Extension Of Time
To File Its Supplemental Opposition Memorandum**

THIS MATTER having come before the Court on Defendant's Motion For An Extension Of Time to File Its Supplemental Opposition Memorandum, and Plaintiff's Opposition thereto, and it appearing Defendant has not shown good cause for the relief requested.

IT IS HEREBY ORDERED, that Defendant's Motion is DENIED, and that Defendant shall serve its Supplemental Opposition Memorandum or other responsive pleading within three days of the date of entry of this Order.

Entered this ___ day of May, 2008.

_____
United States District Judge

Serve:

Beverly M. Russell, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W., E-4915.
Washington, DC  20530

Jeremy Kahn
1730 Rhode Island Ave., N.W., Suite 810
Washington, D.C.  20036