UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEREMY KAHN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-2323 (HHK) |
| ) | |
| FEDERAL MOTOR CARRIER SAFETY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Federal Motor Carrier Safety Administration ("FMCSA") files this brief reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requesting that the Court compel the FMCSA to release three administrative decisions on motor carrier requests to self-insure, specifically the decisions in *P.A.M. Transport, Inc.*, FMCSA Docket MC-150496, *Celadon Trucking Services, Inc.*, FMCSA Docket MC-185116, and *Con-Way Truckload, Inc.*, FMCSA Docket MC-119399. The decisions have been released with the exception of information properly redacted and withheld pursuant to Exemption 4 of the FOIA, which excludes from the FOIA's disclosure requirements information obtained from a person that is commercial or financial, and privileged or confidential. 5 U.S.C. § 552(b)(4). The information withheld from the *P.A.M. Transport, Inc.*, and *Celadon Trucking Services, Inc.* decisions was

exclusively commercial and financial in nature, and both companies expressed concern regarding harm if such information was disclosed.[1]  See, e.g. National Parks and Conservation Ass'n v. Kleppe, 547 F.2d 673, 684 (D.C. Cir. 1976)(The District of Columbia Circuit stated that detailed and comprehensive financial records of national park concessioners were covered by Exemption 4 of the FOIA because disclosure of such records would likely cause substantial harm to the concessioners' competitive position. The District of Columbia Circuit also stated that, because the concessioners faced competition, it was "virtually axiomatic" that disclosure of the financial records would cause competitive harm.); Judicial Watch, Inc. v. Export-Import Bank, 108 F.Supp.2d 19, 31-35 (D.D.C. 2000).

    Plaintiff's chief argument is that the self-insurance orders at issue here have been released without redactions and without apparent consideration of the FOIA for 20 years, and thus, the FMCSA should continue to publish the orders in disregard of the FOIA and the Department of Transportation's own notice regulations at 49 C.F.R. § 7.17(a)[2] in

---

[1] The Con-Way Truckload, Inc. dismissal order was released to Plaintiff in full.

[2] 49 C.F.R. 7.17(a) states,

> If a request is received for information that has been designated by the submitter as confidential commercial information, or which [the Department of Transportation] has some other reason to believe may contain information of the type described in § 7.13(c)(4), the submitter of such information will. . .be notified expeditiously and asked to submit any written objections to release. At the same time, the

(continued...)

perpetuity. He states that "[t]he essence of [his] action is the claim that when a federal agency administers a statutory program by issuing formal orders, those orders should be made available to the public without need for [a] FOIA request, without having to wait. . .to receive only a redacted copy." Pl.'s Op. at 2-3. Plaintiff's argument is without merit.

Plaintiff has presented the Court with no regulation or statute demonstrating that the FMCSA self-insurance decisions must be produced in full notwithstanding the requirements of the FOIA or that the FMCSA self-insurance program is otherwise exempt from the provisions of the FOIA.[3] Without such, the FMCSA has an obligation to consider whether confidential commercial information contained in a record that is

---

[2](...continued)
>    requestor will be notified that notice and an opportunity to
>    comment are being provided to the submitter. The submitter
>    will, to the extent permitted by law, be afforded a reasonable
>    period of time within which to provide a detailed statement of
>    any such objections. The submitter's statement shall specify
>    all grounds for withholding any of the information. The
>    burden shall be on the submitter to identify all information for
>    which exempt treatment is sought and to persuade the agency
>    that the information should not be disclosed.

[3] Plaintiff states that the "FMCSA ignores the financial reporting requirements for very current information made available to the public included in [the FMCSA's] regulations at 49 CFR 369 for which waivers are not granted on confidentiality grounds." Pl.'s Op. at 7-8. Plaintiff's argument in this regard is incorrect. First, contrary to Plaintiff's argument, the referenced FMCSA regulation does contain a provision by which carriers may request that their financial information be exempt from release. See 49 C.F.R. § 369.9. Second, Plaintiff fails to demonstrate that the commercial and financial information being withheld from the *P.A.M. Transport, Inc.*, and *Celadon Trucking Services, Inc.* decisions has been disclosed under 49 C.F.R. § 369 (or is otherwise required to be disclosed under this regulatory provision), and thus, is or should be publicly available.

responsive to or the subject of a FOIA request should be withheld pursuant to the statute. Plaintiff's urging the Court to compel Defendant to disclose self-insurance decisions on the basis of what he perceives as past practice and, notwithstanding the possibility of FOIA-exempt material contained therein, should thus be rejected.[4]  See, e.g. Maricopa Audubon Soc. v. U.S. Forest Service, 108 F.3d 1082, 1087 (9th Cir. 1997)(". . .a district court lacks 'inherent authority' to require disclosure of materials that are exempt under FOIA.")(citation omitted).

    Accordingly, for reasons stated in Defendant's Motion for Summary Judgment, and herein, summary judgment should be granted in Defendant's favor and this suit dismissed with prejudice.

---

[4]Plaintiff argues that the FMCSA's reliance on contract appeals cases is misplaced because such cases are "adversarial in nature and conducted under the strict rules of the contracting agency." Pl.'s Op. at 9-10.  Plaintiff, however, misunderstands the fundamental premise of the FMCSA's argument.  The contract appeals cases were used as examples to show the protections afforded to commercially-sensitive information in the context of a published decision, similar to what the FMCSA is doing in the context of the published self-insurance decisions.  The FMCSA is not refusing to release the formal orders, but is doing so consistent with the FOIA.  The Agency should not be compelled to disavow this law.  Pl.'s Op. at 2.

Respectfully Submitted,

/s/ Jeffrey A. Taylor /dch

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell

| | |
|---|---|
| Of Counsel: | _____ |
| Kirk Foster, Esq. | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| Federal Motor Carrier Safety | Assistant United States Attorney |
|  Administration | U.S. Attorney's Office for the District of Columbia, |
| U.S. Dept. Of Transportation |  Civil Division |

555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492
Fax: (202) 514-8780
E-Mail: beverly.russell@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment*** was made by the Court's Electronic Case Filing System and by pre-paid, first class mail, this <u>16th</u> day of June, 2008 to:

Jeremy Kahn, Esq.<br>
Kahn and Kahn<br>
1730 Rhode Island Avenue, N.W., Suite 810<br>
Washington, D.C.  20036

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney